# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RONALD ALLAN CHRISTIAN, JR.,**

    **Petitioner/Defendant,**

  **v.**                                          Case No. 2:16-cr-005
                                                                              Case No. 2:16-cv-1019

**UNITED STATES OF AMERICA,**             **JUDGE ALGENON L. MARBLEY**
                                                             **Magistrate Judge Kemp**

    **Respondent/Plaintiff.**

## REPORT AND RECOMMENDATION

Petitioner, Ronald Allan Christian, Jr, acting *pro se*, has filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. §2255. This case is before the Court on the motion (Doc. 36) and the United States' response (Doc. 39). Petitioner did not file a reply. For the foregoing reasons, it will be recommended that the motion to vacate be **DENIED**.

### I. Factual and Procedural History

Petitioner, who had three prior felony convictions for burglary, was discovered by Columbus police officers on March 15, 2015, in the possession of a .32-caliber revolver. (Doc. 1, ¶1). He was subsequently arrested on a criminal complaint, charging him with one count of knowingly possessing a firearm and/or ammunition by a convicted felon, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2). (Doc. 1, p. 1). The parties entered into a plea agreement and the Court accepted Petitioner's guilty plea to a one-count information (Doc. 14) on January 19, 2016. (Doc. 15, 19). The Probation

Officer prepared a Presentence Investigation Report ("PSR"), in which Petitioner's Base Offense Level was calculated at 24, based on the crime of conviction and the fact that he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. *See* U.S.S.G. §2K2.1(a)(2). The PSR referred to two of Petitioner's previous burglary convictions in 2008 which were deemed to be crimes of violence pursuant to U.S.S.G. §4B1.2(b). Petitioner was credited with acceptance of responsibility, which reduced his Total Offense Level to 21. With a Criminal History Category of VI, the Guideline sentencing range for Petitioner's conviction was 77-96 months' imprisonment. The statutory maximum for his conviction was 120 months' imprisonment. 18 U.S.C. §922(g)(1). The Probation Officer recommended a sentence of 77 months- the minimum amount of incarceration within the Guideline range. Neither party objected to that recommendation and on April 21, 2016, the Court sentenced him to the recommended 77 months' imprisonment and three years of supervised release. (Doc. 31, 39, p. 1). Petitioner did not file an appeal.

## II. Petitioner's Motion to Vacate

Petitioner's very succinct motion to vacate raises one ground for relief: that his Base Offense Level should not have been calculated based on his past burglary convictions being considered to be "crimes of violence." (Doc. 36, p. 4). He relies on a recent Supreme Court decision which held that a prior conviction does not qualify as the generic form of a predicate violent felony offense listed in the Armed Career Criminal Act ("ACCA") if an element of the crime of conviction is broader than an

2

element of the generic offense. *Mathis v. United States*, - - -U.S. - - -, 136 S.Ct. 2243 (June 23, 2016). In *Mathis*, the Supreme Court considered the Iowa burglary statute, which included various factual means by which a defendant could commit a single element of the offense. *Id.* at 2249. The elements of that statute "cover[ed] a greater swath of conduct than the elements of the relevant ACCA offense," or generic burglary offense. *Id.* at 2251 (citation omitted). The Supreme Court held that the district court erred in applying a modified categorical approach in determining that Mathis' prior convictions for such offenses qualified as an ACCA predicate offense, stating that, where the elements of a state statute are broader than those of a listed generic offense, the crime cannot qualify as an ACCA predicate regardless of the particular facts of the case. *Id.* In such a situation,"even if [the defendant's] conduct fits within the generic offense, the mismatch of elements saves the defendant from an ACCA sentence.... The itemized construction gives a sentencing court no special warrant to explore the facts of an offense, rather than to determine the crime's elements and compare them with the generic definition." *Id.*

Petitioner argues that Ohio's burglary statute under which he was convicted is drafted in such a way to include conduct that is not considered a "crime of violence."Thus, he argues, although he was not sentenced under the ACCA, he should not have had his Base Offense Level calculated as it was, based on two prior felony convictions for "crimes of violence." Respondent argues that Petitioner's motion should be denied because (1) he presents a nonconstitutional claim of error involving an

3

alleged misapplication of an advisory guideline, which is not cognizable in a §2255 proceeding; and (2) he procedurally defaulted the claim by failing to object either at sentencing or raise it on appeal.

### III. Discussion

Respondent first argues that Petitioner's motion should be denied because he presents a nonconstitutional claim of error involving an alleged misapplication of an advisory guideline, which is not cognizable in a §2255 proceeding. It is true that "nonconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). Only the most serious nonconstitutional errors will merit relief; those which have resulted in a "complete miscarriage of justice." *Timmreck v. United States*, 441 U.S. 780, 783 (1979).

Although Respondent argues that Petitioner's claim is nonconstitutional, the Court could construe his claim as seeking relief based on the application of a section of the Sentencing Guidelines that is constitutionally vague. Petitioner points out that the Sixth Circuit Court of Appeals has previously held that Ohio's burglary statute is a violent felony under the ACCA's residual clause. *United States v. Coleman*, 655 F.3d 480 (6th Cir. 2011). He argues that a number of subsequent Supreme Court cases invalidate that holding, and that his burglary convictions should not have been treated as violent crimes for the purposes of sentencing. For example, in *Johnson v. United States*, - - -U.S. - - -, 135 S.Ct. 2551 (2015), the Supreme court held that the "residual clause" of 18 U.S.C.

4

§924(e)(2)(B)(ii) of the ACCA was unconstitutionally vague. The ACCA provided that a criminal defendant who is found guilty of possessing a firearm after having been convicted of three or more prior convictions of "serious drug offenses" or "violent felonies" was subject to a mandatory minimum sentence of 15 years and a maximum of life imprisonment. The *Johnson* court determined that the definition of prior "violent felony" in the residual clause was unconstitutionally vague under due process principles. *Id.* The Supreme Court subsequently held that the *Johnson* decision invalidating the residual clause was a substantive rule that applied retroactively. *Welch v. United States*, - - -U.S.- - -, 136 S.Ct. 1257 (2016). To the extent that Petitioner is making some type of similar claim, it has a constitutional dimension to it, and may well be cognizable in a §2255 proceeding even if it is ultimately found to be without merit.

There is a more basic reason, however, why the Court cannot grant Petitioner any relief. Petitioner's claim was procedurally defaulted because he did not object at sentencing or appeal the sentence. Claims which have been defaulted because they were not raised on direct appeal can be considered on their merits when presented in a § 2255 petition only if the defendant can show "both (1) 'cause' excusing his ... procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). Petitioner asserts the cause for his failure to appeal the sentence as "[t]here [were] no grounds at the time of the conviction or sentencing." (Doc. 36, p. 6). Indeed, procedural default may be excused by good cause, such as "where a constitutional claim is so novel that its legal basis [was]

5

not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). However the Supreme Court made clear that the *Mathis* ruling was not novel, but simply clarified its previous position. *Id.* at 2247 ("For more than 25 years, our decisions have held that the prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense."). *Id.*

If a claim has been procedurally defaulted and the petitioner is unable to show "cause and prejudice," the petitioner may still obtain review of the claim if he can demonstrate that, due to constitutional error, the trial court proceedings " 'probably resulted in the conviction of one who is actually innocent.' " *See Bousley v. United States*, supra, at 623, *quoting Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). To make that showing, the petitioner must demonstrate that " 'it is more likely than not that no reasonable juror would have convicted him.' " *Bousley v. United States*, 523 U.S. 614, 623 (1998) *quoting Schlup v. Delo*, 513 U.S. 298, 327–28 (1995). Petitioner pled guilty to the crime, and federal *habeas corpus* review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). Petitioner has failed to establish cause and prejudice for his failure to object to his sentence or appeal, or demonstrate that he has suffered a miscarriage of justice. Thus, his claim is procedurally defaulted.

### III. Recommendation

For all the foregoing reasons, it is recommended that Petitioner's motion to vacate pursuant to 28 U.S.C. §2255 be DENIED and this case be DISMISSED.

## IV. Procedure on Objections

If any party objects to ther Report and Recommendation, that party may, within fourteen days of the date of ther Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of ther Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of ther Court may accept, reject, or modify , in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit ther matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge